United States District Court
Southern District of Texas

**ENTERED**

November 04, 2019

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ABELARDO JASSO, SR., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-4624 |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, ET AL., | § | |
| *Defendants.* | § | |
| | § | |
| v. | § | |
| | § | |
| ROXANA JASSO, | § | |
| *Third-Party Defendant.* | § | |

### MEMORANDUM AND RECOMMENDATION

This matter is before the court on the Motions for Summary Judgment of Defendant Wilmington Trust, National Association, Not in its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 ("Wilmington") (Dkt., 16, 17, 25), and PennyMac Loan Services, LLC (PennyMac) and PNMAC Mortgage Co., LLC. (PNMAC) (Dkt. 18). Plaintiff has not filed a timely response to the Motions and the Court takes them as unopposed. LOC. R. S.D. TEX. 7.3, 7.4. Having considered Defendants' submissions and the law,[1] the Court recommends the Motions be GRANTED.

---

[1] Plaintiff's failure to respond alone is not a proper basis for granting summary judgment, however, it is appropriate for the Court to decide the motions based on the record before it. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *Chero-Key Piping Co. v. Great-W. Life & Annuity Ins. Co.*, No. CIVA H-08-2696, 2010 WL 1169957, at *5 (S.D. Tex. Mar. 23, 2010).

## I.   <u>Undisputed Facts</u>

The facts set forth here are established by the summary judgment record[2] and are undisputed.  Abelardo Jasso executed a Texas Home Equity Note in the principal sum of $73,600.00 on or about September 15, 2005 (Note) (Dkt. 18-2 at 2-4).  Abelardo Jasso and Roxana Jasso executed a Texas Home Equity Security Agreement (Deed of Trust) granting a security interest in the property at 1422 PI Cir., Pasadena, Texas 77504, more specifically described in the Deed of Trust (Property) (Dkt. 18-3 at 2-19).[3]   After a series of assignments, Wilmington is now the holder of the Note and the beneficiary under the Deed of Trust on the Property.  (Dkt. 18-11-18-16). PNMAC was the beneficiary under the Deed of Trust prior to assigning its interest to Wilmington.  *Id.*  PennyMac serviced the loan from September 9, 2010 through August 31, 2017. (Dkt. 18-1 at 3).[4]

On November 9, 2010, PennyMac sent Plaintiff a Notice of Default. (Dkt.  18-6 at 2-4).  Plaintiff on February 26, 2011 filed a Chapter 13 Bankruptcy Petition.  Plaintiff listed the mortgage debt on his bankruptcy schedules and acknowledged the arrearage. PennyMac filed a proof of claim in the bankruptcy case in the amount of $13,677.50 to which Plaintiff did not object.  Plaintiff made payments on the debt in accordance with his

---

[2] The Court may take judicial notice of matters of public record, including state court Cause No. 2018-20634 in the 334th Judicial District of Harris County, Texas; Case No. 11-31695 in the U.S. Bankruptcy Court for the Southern District of Texas; and Case No 13-34786 in the U.S. Bankruptcy Court for the Southern District of Texas; as well as all matters duly records in the real property records of Harris County, Texas.  FED. R. EVID. 201; *See Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 685 (S.D. Tex.) (taking judicial notice of bankruptcy and state court documents), *aff'd*, 582 F. App'x 279 (5th Cir. 2014).

[3] The Note and Deed of Trust are collectively referred to as the Loan Agreement.

[4] PennyMac transferred servicing on the loan to Fay Servicing, LLC effective September 1, 2017.  (Dkt. 18-8 at 2-3).

Chapter 13 Plan until late 2011, at which time he failed to make payments under the Plan and the Bankruptcy Court dismissed his Chapter 13 case.

Plaintiff continued to miss scheduled payments. PennyMac sent a Notice of Acceleration in October 2012. (Dkt. 18-10 at 4-8). PennyMac filed a Rule 736 Foreclosure Application in state court and obtained an order authorizing foreclosure on June 17, 2013. (Dkt. 1-3 at 69-71). In order to halt foreclosure, Plaintiff filed a second Chapter 13 Bankruptcy Petition. In the second bankruptcy case, Plaintiff acknowledged an arrearage on the debt in the amount of $28,000. PennyMac filed a proof of claim in the amount of $29,708.49 and Plaintiff did not object. Plaintiff made payments under his second Chapter 13 Plan until early 2014. After failing to maintain payments, the Bankruptcy Court dismissed the second Chapter 13 case on June 9, 2014.

Plaintiff continued to miss payments. PennyMac entered a loan modification agreement with Jasso in May 2015 and again in May 2017. (Dkt. 18-4 at 2-35). On December 6, 2017, Fay Servicing sent a Notice of Default to Plaintiff. (Dkt. 17-6 at 2-11). Plaintiff failed to cure the default. Wilmington filed a Rule 736 Application for Foreclosure in state court in March 2018, effectively accelerating the debt. (Dkt. 1-3 at 64-68).

Plaintiff filed an Original Petition in state court on October 22, 2018 to stop foreclosure proceedings. Plaintiff's state court Original Petition asserts claims against Defendants for breach of contract, unlawful collection practices, negligence, unjust enrichment, and release of lien. Wilmington removed the case to federal court based on diversity jurisdiction. Wilmington filed a Counterclaim against Plaintiff seeking a

judgment of foreclosure, and, with leave of Court, filed a Third-Party Complaint against Roxana Jasso also seeking a judgment of foreclosure.[5]

## II.   Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor.  *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

## III.   Analysis

Plaintiff does not dispute he is in default on the loan.  Dkt. 1-3 at 15 (Original Petition).  His causes of action are based on allegations that Defendants prevented him from making his payments.  Plaintiff's causes of action are without merit and should be dismissed, and Wilmington should be granted a judgment for foreclosure.

---

[5] In a separate Memorandum and Recommendation issued contemporaneously with this Memorandum and Recommendation, the Court recommends granting Wilmington's Motion for Default Judgment against Roxana Jasso.

**A.  Breach of Contract.**

Under Texas law, "[t]he elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff." *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 825 (Tex. App.-Fort Worth 2008, no pet.) (citing *Harris v. Am. Prot. Ins. Co.,* 158 S.W.3d 614, 622–23 (Tex. App.-Fort Worth 2005, no pet.)).

There is no dispute that the Loan Agreement constitutes a valid contract under Texas law.  However, Plaintiff fails to identify any provisions of that contract Defendants allegedly breached.  Instead, Plaintiff bases his breach of contract claim on the following allegations:

> The defendants were responsible contractually to give plaintiff a portal to pay his arrearages.  Instead, Plaintiff suffered the agony of trying to find out who he was to pay his mortgage to.  By the time he was sure of who the mortgagee and their servicer were, his arrearages had mounted quickly with the late fees and other miscellaneous fees.

Dkt. 1-3 at 15, ¶ 30.  Plaintiff has presented no evidence to support these allegations. Plaintiff cannot rest on the allegations in his pleading to defeat summary judgment.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (after the movant meets its initial burden to show there is no genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.").  Here, the record evidence clearly establishes that Plaintiff defaulted on his loan obligations, Defendants sent appropriate notices of default and acceleration, and Plaintiff has not cured his default.  Because Plaintiff has no evidence that he tendered performance

5

under Loan Agreement, or that Defendants breached the Loan Agreement, Defendants are entitled to summary judgment on Plaintiff's breach of contract claim.

## B. Unlawful Collection Practices

Plaintiff's Original Petition asserts a claim under the Texas Debt Collection Act (TDCA).  The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices to collect consumer debts.  *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986).  The elements of a cause of action for violation of the TDCA are: (1) the debt is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the defendant committed the wrongful act against the plaintiff; and (5) the plaintiff was injured by the defendant's wrongful act.  TEX. FIN. CODE §§ 392.001-392.404.  Plaintiff alleges in his Original Petition (Dkt. 1-3 at 16-17, ¶¶ 34-36) that Defendants committed the wrongful acts of:

- Threatening a person with seizure, repossession, or sale of the person's property without proper court proceedings and threatening to take an action prohibited by law;

- Collecting or attempting to collect interest, a fee, a charge, or an expense incidental to the obligation unless the interest, fee, charge, or expense is expressly authorized by the agreement creating the obligation or is legally charge [sic] to the consumer;

- Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;

- Using any other false representation or deceptive means to collect a debt or obtain information about a consumer;

- Misrepresenting the consumer's debt status in a judicial or governmental proceeding and misrepresenting the character, extent, or amount of consumer debt.[6]

Again, Plaintiff presents no evidence to show that any Defendant committed any act set forth above.  There is no evidence that any representation made in Defendants' notices or default or in court filings were false or deceptive.  Plaintiff admitted his default and his liability on the Note in his bankruptcy proceedings and in his Original Petition.  Defendants are entitled to summary judgment dismissing Plaintiff's TDCA claim.

### C. Negligence

Plaintiff alleges that Defendants were negligent in their handling of his loan.  Dkt. 1-3 at 17-18.  To survive summary judgment on his negligence claim, Plaintiff must demonstrate that Defendants owed him a duty, Defendants breached that duty, and Defendants' breach proximately caused his damages.  *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004) ("The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach.").  "The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).  The existence of duty is a question of law.  *Id.*

Defendants do not owe Plaintiff a legal duty that gives rise to a negligence claim. The relationship between a mortgagor and mortgagee, or between a debtor and creditor

---

[6] Plaintiff appears to assert this cause of action only against PNMAC, (*see* Dkt. 1-3 at 17, ¶ 36), but it is without merit as to all Defendants.

generally, does not give rise to a duty of care the breach of which "could sustain a cause of action apart from the existence of the contract." *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 613 (Tex. App. 2005); *see also Milto v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) ("Plaintiff's negligence and gross negligence claims fail because, under Texas law, there is 'no special relationship between a mortgagor and mortgagee' that would give rise to a stand-alone duty of good faith and fair dealing." (citation omitted)); *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013) ("In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendant.").

In addition, Plaintiff's negligence claim is barred by the economic loss doctrine. "The law has long limited the recovery of purely economic damages in an action for negligence." *LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W.3d 234, 238 (Tex. 2014). In this case, Plaintiff has not alleged or presented evidence to support any damages independent of those suffered as a result of Defendants' alleged breach of contract. *See Daryani v. Wells Fargo Bank, N.A.*, No. 4:10-CV-05181, 2012 WL 3527924, at *3 (S.D. Tex. Aug. 13, 2012) (applying economic loss doctrine in dismissing plaintiff's tort claim because "any complaints by Plaintiffs about Wells Fargo's misrepresentations, or their failure to provide information relating to the loan or alleged modification agreement, relate to the parties' contractual relationship.").

For these reasons, Defendants' motions for summary judgment on Plaintiff's negligence claim should be granted.

### D. Unjust Enrichment

Unjust enrichment is a theory that allows a plaintiff to recover from a defendant that obtained a benefit from the plaintiff by fraud, duress, or the taking of undue advantage. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).[7]  Plaintiff alleges that Defendants have taken advantage of him by transferring the loan and not properly communicating with him.  Dkt. 1-3 at 19, ¶ 47.

Plaintiff has no evidence to support his allegations that Defendants took advantage of him.  The record contains notices informing Plaintiff of the identity of the loan servicer and the address for mailing payments.  But in any event, Plaintiff's unjust enrichment claim fails because recovery under this theory is precluded where a contract governs the parties' relationship.  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 785 (Tex. 2000).  Therefore, Defendants' should be granted summary judgment on Plaintiff's unjust enrichment claim.

### E. Release of Lien

Under Texas law, a lender must foreclose no later than four years after the cause of action for foreclosure accrues.  *Wheeler v. U.S. Bank Nat'l Ass'n*, No. H-14-0874, 2016 WL 554846, at *4 (S.D. Tex. Feb. 10, 2016 (citing TEX. CIV. PRAC. & REM. CODE § 16.035 and *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)).  The

---

[7] "Although the Texas Supreme Court has referred to a 'cause of action' or 'claims' of unjust enrichment, it appears to have not yet resolved whether unjust enrichment is an independent cause of action or a 'theory of liability that a plaintiff can pursue through several equitable causes of action.'"  *Elias v. Pilo*, No. 18-11553, 2019 WL 3369767, at *2 (5th Cir. July 25, 2019) (citations omitted).  Like the Fifth Circuit in *Elias*, "[w]e need not resolve this issue today."  *Id.*

statute of limitations begins to run not on the borrower's default but when the holder of the note exercises the option to accelerate the debt. *Id.* Plaintiff alleges Defendants are barred from foreclosing on the Property because more than four years have passed since PennyMac accelerated the debt in 2012. Dkt. 1-3 at 19-20, ¶¶ 48, 49.

A noteholder may rescind or abandon a prior acceleration unilaterally. *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 105-06 (5th Cir. 2015); *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015). PennyMac abandoned the prior 2012 Notice of Acceleration by sending subsequent notices of default in 2014 and 2016, accepting payments for less than the accelerated amount, and entering subsequent loan modification agreements with Plaintiff. Upon abandonment, the note is restored to its original maturity date and the statute of limitations is reset. *Wheeler*, 2016 WL 554846 at *5.

Fay Servicing sent a new Notice of Default on December 6, 2017. Wilmington filed a Rule 736 Application in March 2018, effectively exercising its option to accelerate the debt. Defendants' cause of action for foreclosure accrued, and the four-year statute of limitations began to run, in March 2018 and has not expired. Plaintiff is not entitled to release of the lien on the Property and Defendants' are entitled to summary judgment on this claim.

## F. Wilmington's Counterclaim

Wilmington filed Counterclaims against Plaintiff for breach of contract and judicial foreclosure. Dkt. 9-1. A court order is required to foreclose on a Home Equity Security Instrument. *Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 432 (Tex. App.

2015) (recognizing that article XVI, section 50(a)(6)(D) of the Texas Constitution requires that a home-equity loan be "secured by a lien that may be foreclosed upon only by a court order."). Where a Home Equity Security Instrument contains a power of sale provision, as in this case, Texas law gives the beneficiary a choice of remedies. *Id.*; TEX. R. CIV. P. 735.3. The beneficiary may (1) file a claim for judicial foreclosure; (2) file a claim for judicial foreclosure as a counterclaim in a borrower's suit; or (3) pursue the streamlined procedure found in Rule 736 to obtain a court order allowing non-judicial foreclosure under the Texas Property Code. *Id.*; *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 734 n.1 (S.D. Tex. 2013).

In order to foreclose on its lien, Wilmington must show: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff was given notice of default and acceleration. *Huston*, 988 F. Supp. 2d at 740. The summary judgment record conclusively establishes each of these four required elements. The debt is evidenced by a Note executed by Plaintiff. As of May 31, 2019, the total accelerated amount of the debt was $118,552.77 and interest continues to accumulate at the per diem rate of $8.79. Dkt. 17-1 at 2. The Deed of Trust executed by Plaintiff and Roxana Jasso establishes that the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution. Plaintiff's payment history, as well as his judicial admissions, establish his default. And the Notices of Default and Acceleration with accompanying certified mail labels establish Plaintiff was given notice of default and acceleration. Therefore, Wilmington is entitled to a judgment allowing it to enforce its lien through a non-judicial foreclosure sale of the

11

Property as provided in the Home Equity Security Instrument (Deed of Trust) and Texas Property Code § 51.002.

Wilmington also seeks judgment for its attorney's fees and costs in the amount of $9,430.47.  "While the mortgagor is not personally liable for attorneys' fees [for foreclosure on a Home Equity Security Instrument], the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale." *Huston*, 988 F. Supp. 2d at 741.  The Deed of Trust executed by Plaintiff provides for recovery of fees.  Therefore, Wilmington is also entitled to judgment allowing it to recover attorneys' fees "as part of the note balance that may be satisfied through a foreclosure sate of the property."  *Id.* at 742.  Wilmington has submitted an affidavit establishing the amount and reasonableness of its requested fees and costs. *See* Dkt. 26-7.  The court recommends that the judgment award Wilmington fees and costs in the amount of $9,430.47 to be satisfied as part of the Plaintiff's debt through a foreclosure sale of the Property.

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Wilmington's Motion for Summary Judgment (Dkt. 16, 17); Wilmington's Motion for Summary Judgment on its Counterclaim (Dkt. 25); and PennyMac and PNMAC's Motion for Summary Judgment (Dkt. 18) be GRANTED, and all Plaintiff's claims against all Defendants be dismissed with prejudice.  The court further RECOMMENDS that judgment be entered authorizing Wilmington to enforce its lien through a non-judicial foreclosure sale of the Property as provided in the Home Equity Security Instrument (Deed of Trust)

and Texas Property Code § 51.002, and awarding Wilmington fees and costs in the amount of $9,430.47, to be satisfied as part of the Plaintiff's debt through a foreclosure sale of the Property.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 04, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge