United States District Court
Southern District of Texas
**ENTERED**
November 04, 2019
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ABELARDO JASSO, SR., § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:18-CV-4624 |
| § | |
| PENNYMAC LOAN SERVICES, LLC, ET AL., § | |
| *Defendants*. § | |
| § | |
| v. § | |
| § | |
| ROXANA JASSO, § | |
| *Third-Party Defendant.* § | |

## **MEMORANDUM AND RECOMMENDATION**

This matter is before the court on the Amended Motion of Defendant Wilmington Trust, National Association, Not in its Individual Capacity, But Solely as Trustee for MFRA Trust 2014-2 ("Wilmington") for default judgment against Third-Party Defendant Roxana Jasso. Dkt. 29. The Court recommends the Motion be GRANTED.

Wilmington filed its Third-Party Complaint on May 15, 2019 and served Roxana Jasso on June 26, 2019. The District Court entered default against Roxana Jasso on July 25, 2019. Dkt. 27. To date, Roxana Jasso has not answered or otherwise appeared in this action, objected to entry of default, or responded to the instant motion. Wilmington now seeks entry of Default Judgment against Roxana Jasso.

Wilmington's Third-Party Complaint (Dkt. 11) alleges the following:

- Abelardo Jasso executed a Texas Home Equity Note in the principal sum of $73,600.00 on or about September 15, 2005;

- Abelardo Jasso and Roxana Jasso executed a Texas Home Equity Security Agreement (Deed of Trust) encumbering the property at 1422 PI Cir., Pasadena, Texas 77504, more specifically described in the Deed of Trust attached at Exhibit B to Wilmington's Third-Party Complaint (Property);
- Wilmington is the holder of the Note and beneficiary under the Deed of Trust on the Property;
- The Jassos materially breached their Loan Agreement obligations by failing to make scheduled payments;
- All conditions precedent under Texas Rule of Civil Procedure 54 had been met;
- All required notices of default and maturity of the debt were sent to the Jassos and they have not cured the default;
- Wilmington filed its Application for an Expedited Order Under Rule 736 on March 27, 2018, effectively accelerating the debt.

The Third-Party Complaint states a valid claim for relief against Roxana Jasso for an order allowing it to proceed with foreclosure on the Property. In order to foreclose on its lien, Wilmington must show: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff was given notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013). By not responding to the Third-Party Complaint, Plaintiff has admitted all allegations against her. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.").

Therefore, the Court RECOMMENDS that Wilmington's Motion for Default Judgment be GRANTED, and a judgment be entered in Wilmington's favor against Roxana Jasso awarding the relief sought in the Third-Party Complaint, including an order authorizing Wilmington to enforce its security interest in the Property through non-judicial foreclosure as provided by the Deed of Trust and § 51.002 of the Texas Property Code.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 04, 2019, at Houston, Texas.

                                          Christina A. Bryan
                                    United States Magistrate Judge